David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____
                                        )
Mohammad Albqowr,                       )
                                        )
              Plaintiff,                )
                                        )    No.
      - against -                       )
                                        )
Harlem Furniture Corp.                  )    **Complaint**
                                        )
              Defendants.               )
                                        )
_____)

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1.     This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law.

**II.    Parties**

2.     Plaintiff is a natural person.

3.     Defendant Harlem Furniture Corp. is a New York business corporation.

**III.    Venue and Jurisdiction**

4.     The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5.     The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at a facility which is located in the Bronx.

6.     Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at a facility which is located in the Bronx.

**IV.    Background**

7.     At all times relevant to this complaint, the Defendant (the "Employer") operated a retail furniture store.

8.     Plaintiff was employed by the Employer as a warehouse manager from 2013 to approximately October of 2017.

9.     Plaintiff's hours were 6 days a week from 10am until 6 or 7pm.  Although his official title was "manager," he primarily did manual work.  Moreover, the Employer docked his pay if he did not work a full week, for example if the facility was closed due to inclement weather or if Plaintiff was otherwise absent from work.  (The Employer did not have any kind of paid sick leave or paid time off.)

10.    Plaintiff was never paid overtime premiums; instead, he was paid $1100 in weeks when he worked a full week and less if he did not work a full week.

11.    In addition, Plaintiff did not receive proper notification under the Wage Theft Prevention Act.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

12.    The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13.     Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

14.     The Employer was an employer within the meaning of those same regulations.

15.     The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours he worked, did not provide Plaintiff with proper notification.

Count Two: Violation of the Fair Labor Standards Act

16.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17.     The Employer has two furniture showrooms open 7 days a week; a warehouse; and dozens of employees.  Moreover, the Employer has been open for at least 10 years.  Given the amount of furniture which would be need to sold to meet payroll, rent, and pay the actual suppliers, it is a virtual mathematical certainty that the Employer's annual revenues are far in excess of $500,000.

18.     Moreover, the Employer has numerous workers who are in interstate commerce.  For example, the Employer's major supplier is Ashley Furniture, which manufactures its furniture in Wisconsin, Mississippi, North Carolina, Pennsylvania as well as at overseas facilities.  Furniture manufactured at these facilities was regularly shipped across state lines to the Employer's warehouse in the Bronx where it was unloaded by Plaintiff and his co-workers.  In addition, the Employer accepts credit card payments at its retail locations.

19.     Accordingly, Plaintiff's employment is covered by the Fair Labor Standards Act.

20.     The Employer violated the Fair Labor Standards Act by failing to pay the Plaintiff proper overtime.

WHEREFORE  Plaintiff demands judgment against the Defendant in the amount of his unpaid wages, overtime and liquidated damages, in an amount not more than $100,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just.

                                      Respectfully submitted,

                                      David Abrams
                                       Attorney for Plaintiff
                                    305 Broadway Suite 601
                                    New York, NY 10007
                                    Tel. 212-897-5821
                                    Fax     212-897-5811

July 25, 2018
New York, New York